

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

JARRET P. HITCHINGS
DIRECT DIAL: +1 302 657 4952
PERSONAL FAX: +1 302 397 2740
E-MAIL: JPHitchings@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

November 2, 2021

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Laurie Selber Silverstein
Chief Judge, United States Bankruptcy Court
for the District of Delaware
824 North Market Street. 6th Floor
Wilmington, DE 19801

    Re:    **Deutsche Oel & Gas S.A. v. Energy Capital Partners Mezzanine Opportunities Fund A, LP, Adv. Pro. No. 20-50851-LSS**
              **(In re Cornucopia Oil & Gas Company, LLC, Case No. 19-11782-LSS)**

Dear Judge Silverstein:

    Our office represents Deutsche Oel & Gas S.A ("DOGSA"), the plaintiff in the above-referenced adversary proceeding (the "Action") pending against Energy Capital Partners Mezzanine Opportunities Fund A, LP and certain of its affiliates (collectively "ECP"). We write to (i) advise the Court of DOGSA's desire to advance this Action, and (ii) respectfully request that Your Honor schedule a status conference in this Action.

    Very much in brief, DOGSA commenced this Action in November 2019 by filing a Summons with Notice in the Supreme Court for the State of New York (the "NY State Court"). In December 2019, ECP removed this Action to the United States District Court for the Southern District of New York (the "NY District Court"). ECP also asked the NY District Court to transfer this Action to the District of Delaware for reference to this Court on the basis that this Action is "related to" the chapter 11 cases of Furie Operating Alaska, LLC and its affiliates (collectively, the "Furie Debtors"). *See In re Furie Operating Alaska, LLC, et al.,* Case No. 19-11781 (LSS) (Bankr. D. Del.) (the "Furie Bankruptcy"). DOGSA objected to ECP's transfer request and moved to remand the Action to the NY State Court. The NY District Court overruled DOGSA's objection and, on September 30, 2020, issued an *Order & Opinion* transferring this Action to this Court. For a variety of reason, this Action has been dormant since its transfer.

DUANE MORRIS LLP

1201 NORTH MARKET STREET, SUITE 501    WILMINGTON, DE 19801-1160    PHONE: +1 302 657 4900    FAX: +1 302 657 4901

DuaneMorris

The Honorable Laurie Selber Silverstein
November 2, 2021
Page 2

On behalf of DOGSA, we believe a status conference will present a helpful and efficient opportunity for the Court and the parties to re-engage with these proceedings. A status conference will also allow the Court and the parties to consider whether this Action can remain properly before this Court given the changed procedural and jurisdictional posture now that the main Furie Bankruptcy cases have been closed. Finally, a status conference will afford the Court and the parties an opportunity to set a schedule for DOGSA to submit an initial pleading in this Court and for ECP's response thereto.

With respect to such initial pleading, DOGSA proposes to file and serve its Complaint in supplement to the original Summons and Notice on or before November 19, 2021.[1] DOGSA will require ECP's response to DOGSA's Complaint no later than December 19, 2021, in accordance with Federal Rule of Bankruptcy Procedure 7012. DOGSA will thereafter seek guidance from the Court with respect to an appropriate pre-trial schedule or other process necessary to the disposition of this Action.

Of course, should Your Honor have further or alternative suggestions as to how this matter should go forward, we will proceed accordingly. In the meantime, we are available at the call of the Court and look forward to appearing before Your Honor during the requested status conference.

Very truly yours,

Jarret P. Hitchings

cc: Anna G. Rotman (Prior counsel for ECP) (By email to anna.rotman@kirkland.com)
Stefan H. Atkinson (Prior counsel for ECP) (By email to stefan.atkinson@kirkland.com)
Ericka F. Johnson (Counsel for Debtors) (By email to ericka.johnson@wbd-us.com)
Matthew P. Ward (Counsel for Debtors) (By email to matthew.ward@wbd-us.com)

---

[1] The New York Civil Practice Law & Rules permit a plaintiff to commence an action by filing a summons accompanied by a notice stating the nature of the action and the relief sought. *See* N.Y. CPLR § 305(b). Thereafter, the plaintiff has 120 days to effect service of the Summons and Notice on the defendant. *See* N.Y. CPLR § 306-b. Service on the defendant implicates various procedural possibilities, culminating in plaintiff serving a complaint on defendant. Here, ECP removed the action to federal court before DOGSA served the Summons and Notice on ECP. As a result, there is no operative complaint.